**WO**  MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Sam Parisi, | No. CV 09-1165-PHX-MHM (JRI) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Arpaio, | |
| Defendant. | |

Plaintiff Joseph Sam Parisi, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). The Court will order Defendant to answer Counts One and Two of the Complaint and will dismiss without prejudice Count Three.

**I.  Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $2.71. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**TERMPSREF**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

In his three-count Complaint, Plaintiff sues Defendant Maricopa County Sheriff Joseph Arpaio. In each count, he alleges a violation of his Fifth, Eighth, and Fourteenth Amendment rights.

In Count One, Plaintiff claims Defendant Arpaio sets policy and instructs his staff to feed inmates only two meals per day. Plaintiff contends that the meals are stale, spoiled, and lack necessary nutrition. Plaintiff alleges that Defendant Arpaio deliberately provides an insufficient number of calories in order to cause daily hunger pains.

In Count Two, he asserts that Defendant Arpaio sets policy and directs his staff to overcrowd the holding cells in the Fourth Avenue Jail. He claims that he was in the holding cell for three days with 22-26 men, there was no place to sit or lay down, the toilet was clogged and there was no toilet paper, the floor was wet from the overflowing toilet, and he was not given a blanket, a mat, or a place to sleep.

In Count Three, Plaintiff asserts that he contracted a staphylococcus infection in the holding cell, he received no medical treatment other than a heat pack for seven days, the on-duty doctor's request on day eight that Plaintiff be taken to a hospital for emergency treatment was denied by the doctor's supervisor, and Plaintiff received "emergency surgery to lance and drain the lump" on day nine.

In his Request for Relief, Plaintiff seeks monetary damages and an order that sets cell maximums and directs Defendant Arpaio to provide adequate food for pretrial detainees and to correct all violations.

## IV. Failure to State a Claim

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. See Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). To state a claim against a supervisory official, the civil rights complainant must allege that the supervisory official personally participated in the constitutional deprivation or that the supervisory official was aware of widespread abuses and, with deliberate indifference to the inmate's constitutional rights, failed to take action to prevent further misconduct. See Ortez v. Washington County, 88 F.3d 804, 809 (9th Cir. 1996); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987); see also Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691-92 (1978). There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. Monell, 436 U.S. at 691-92; Taylor, 880 F.2d at 1045.

In Count Three, Plaintiff does not allege any specific conduct by Defendant Arpaio, and does not allege that Defendant Arpaio personally participated in a constitutional deprivation or that he was aware of widespread abuses and, with deliberate indifference to Plaintiff's constitutional rights, failed to take action to prevent further misconduct, or that he formed policies that resulted in Plaintiff's injuries. Therefore, the Court will dismiss without prejudice Count Three.

## V. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff has stated claims in Counts One and Two. The Court will require Defendant Arpaio to answer Counts One and Two.

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay

1 the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result
2 in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $2.71.

(3) Count Three is **dismissed** without prejudice.

(4) Defendant Arpaio must answer Counts One and Two.

(5) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. #1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(6) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(7) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(8) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(9) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(10) **If Defendant agrees to waive service of the Summons and Complaint, he must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(11) Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(12) This matter is referred to Magistrate Judge Jay R. Irwin pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 9th day of June, 2009.

_____
Mary H. Murguia
United States District Judge